UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-10378

KATHLEEN STAPLETON

v.

TARGET CORPORATION

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

July 11, 2011

STEARNS, D.J.

Plaintiff Kathleen Stapleton claims to have been injured in a slip and fall accident at a Target-owned department store in Dorchester, Massachusetts (South Bay). On February 3, 2011, Stapleton filed a complaint against Target in the Suffolk Superior Court alleging counts of negligence and a failure to warn. On March 11, 2011, Target removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Target now moves for summary judgment. Target's motion will be denied in part, and allowed in part.

BACKGROUND

The material facts, viewed in the light most favorable to Stapleton as the non-moving party, are as follows. On February 9, 2008, Stapleton entered the South Bay Target store to shop. It had been raining before, and at the time of, Stapleton's arrival.

Stapleton entered the store through two sets of sliding doors. Beyond the two sliding doors, the entryway floor was carpeted for approximately fifteen feet before transitioning to a tile surface. After taking approximately five steps on the tile, Stapleton slipped and fell. In her affidavit, Stapleton states that she did not see an accumulation of water on the floor where she fell, but notes that both her buttocks and back on her right side were wet. Pl.'s Aff. at 48. The first person to respond was a customer who helped Stapleton to her feet and then led her to a chair in the food service area. Stapleton felt severe pain in her back and was emotionally distraught. Stapleton's husband arrived, and took her to Boston Medical Center (BMC). Doctors at BMC had x-rays taken and gave Stapleton pain medication, but found no broken bones. A week later, Stapleton sought treatment for persistent pain and a hematoma that had formed on the site of the injury. An MRI disclosed a bulged disc and disc protrusion, among other injuries. Stapleton was treated with pain medication and prescribed physical therapy.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be "genuine," the "evidence relevant to the issue, viewed in the light most flattering to the party opposing the

motion, must be sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995) (citation omitted). "Trialworthiness requires not only a 'genuine' issue but also an issue that involves a 'material' fact." *Id.* A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." *Coyne v. Taber Partners I*, 53 F.3d 454, 460 (1st Cir. 1995).

## DISCUSSION

In slip and fall cases, Massachusetts has abandoned the traditional approach to premises liability under which a plaintiff was required to prove that storeowner caused a substance to be on the floor, and had either actual knowledge of its presence, or because the length of time the item had been on the floor, was chargeable with constructive knowledge of its presence. *See Oliveri v. Mass. Bay Transp. Auth.*, 363 Mass. 165, 166-167 (1973). Massachusetts has adopted instead the modern "mode of operation" approach, that is, "where an owner's chosen mode of operation makes it reasonably foreseeable that a dangerous condition will occur, a store owner could be held liable for injuries to an invitee if the plaintiff proves that the store owner failed to

take all reasonable precautions necessary to protect invitees from these foreseeable dangerous conditions." *Sheehan v. Roche Bros. Supermarket, Inc.*, 448 Mass. 780, 786 (2007). Under the mode of operation approach, the plaintiff's burden to prove notice is not eliminated. However, the plaintiff satisfies the notice requirement if she establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operation. This is based on the proposition that "the owner of such a self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable." *Id*. The plaintiff is still required to prove that the defendant failed to take reasonable measures commensurate with the risks involved with the self-service mode of operation to prevent injury to invitees and bears the burden of persuading the jury that the defendant acted unreasonably. *Id*. at 786-787. Whether the storeowner – in this case Target – could have reasonably foreseen the accumulation of a dangerous puddle of rainwater at the entrance to its South Bay store, and whether it can be shown to have acted unreasonably in failing to prevent or correct the condition are issues of fact that on this record only a jury can

resolve. *Id*. at 791-792.[1] Consequently, summary judgment will be denied to Target on the negligence claim.[2]

On the other hand, I will grant summary judgment to Target on Stapleton's duty to warn theory, although for a different reason than the one advanced by Target. It is clear that the "open and obvious" doctrine, while providing a landowner a perfect defense in other premises liability contexts, such as the obvious dangers posed by shallow swimming pools, see *O'Sullivan v. Shaw*, 431 Mass. 201, 204 (2000), has been subsumed in a slip and fall context by the holdings in *Sheehan* and *Papadopoulos*.

---

[1] The South Bay store manager stated in his deposition that it is his duty to see that a fan was placed in the entry of the store on days when it rains or snows to keep the floor dry. Manager's Dep. at 22. Stapleton's testimony, if believed, is that the floor was wet enough to penetrate her clothing. Pl.'s Aff. at 48.

[2] The court is not persuaded that *Wexler v. Stanetsky Mem'l Chapel of Brookline, Inc.,* 2 Mass. App. Ct. 750 (1975), which involved a slip and fall on accumulated melted snow compels a different result either as a matter of fact or law. In *Wexler*, the Appeals Court held that given the persistent snowfall that had preceded the accident, it would have been impractical for the funeral home to have kept its entryway dry. Here, there is no evidence of precipitation of Biblical proportions. Moreover, in *Papadopoulos v. Target Corp.*, 457 Mass. 368, 369 (2010), the Supreme Judicial Court abandoned the "natural accumulation of snow and ice" exception on which *Wexler* appears to have been based. (In *Wexler*, the Court held that the accumulation of water could not have been prevented given "the conditions of weather then existing." *Id*. at 751). "If a property owner knows or reasonably should know of a dangerous condition on its property, whether arising from an accumulation of snow or ice, or rust on a railing, or a discarded banana peel, the property owner owes a duty to lawful visitors to make reasonable efforts to protect lawful visitors against the danger." *Papadopoulos*, 457 Mass. at 383, citing *Sheehan, supra*, at 782-784.

> The open and obvious doctrine provides that a property owner has no duty to warn of an open and obvious danger, because the warning would be superfluous for an ordinarily intelligent plaintiff.[citing *O'Sullivan, supra*] Implicit in the open and obvious doctrine, however, is the assumption that the warning provided by the open and obvious nature of the danger is by itself sufficient to relieve the property owner of its duty to protect visitors from dangerous conditions on the property. . . . A property owner, however, is not relieved from remedying an open and obvious danger where it "can and should anticipate that the dangerous condition will cause physical harm to the [lawful visitor] notwithstanding its known or obvious danger." (quoting Restatement (Second) of Torts § 343A comment f, at 220 (1965)).

*Papadopoulos*, 457 Mass. at 379. For this reason, while the presence or absence of a warning, as well as the obviousness of the danger, may well go to the issue of the reasonableness of the storeowner's efforts to take precautions, a duty to warn does not survive in the slip and fall context as a separate cause of action.

### ORDER

For the foregoing reasons, Target's motion for summary judgment is <u>DENIED</u> as to the negligence claim (Count I). The motion is <u>ALLOWED</u> as to the duty to warn claim (Count II), without prejudice to the introduction by either party of evidence of a warning or lack thereof. The case will proceed to trial on Monday, August 20, 2012 at 9:00 a.m. in Courtroom 21. The Clerk will issue a trial notice and schedule a pretrial conference.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE